ECF CASE

Judge McMahon

'09 CIV 4925

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BERNSTEIN, AS TRUSTEE OF THE FLETCHER JOHNSON INSURANCE TRUST AND THE FLETCHER JOHNSON INSURANCE TRUST<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION  |

## NOTICE OF REMOVAL

Pursuant to sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant Principal Life Insurance Company ("Principal"), by and through its undersigned counsel, Drinker Biddle & Reath LLP, hereby removes the above-styled action, which was pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Principal avers as follows:

1. On or around April 28, 2009, Plaintiffs Robert Bernstein, as Trustee of The Fletcher Johnson Insurance Trust ("Bernstein"), and The Fletcher Johnson Insurance Trust ("Johnson Trust"), commenced an action in the Supreme Court of New York, County of New York, captioned as <u>Robert Bernstein, as Trustee of The Fletcher Johnson Insurance Trust and The Fletcher Johnson Insurance Trust v. Principal Life Insurance Company</u>, Index No. 105921/09.

PHLIT/ 1134592.1

2. Defendant Principal was served with the summons and complaint in the state court action on May 6, 2009. Copies of the summons and complaint served upon Principal in the state court action are attached hereto, collectively, as Exhibit "A."

3. According to the complaint, Plaintiff Bernstein is a citizen of the State of New York "with offices in Rye Brook, New York." *See* Complaint at ¶ 1.

4. According to the complaint, Plaintiff the Johnson Trust is a trust established under, and is a citizen of, the State of New York "with a current mailing address care of Bernstein, as Trustee." *See* Complaint at ¶ 2.

5. Defendant Principal is incorporated in, and is a citizen of, the State of Iowa with its principal place of business located at 711 High Street, Des Moines, Iowa. *See* Complaint at ¶ 3.

6. Diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1332 and 1441(b).

7. Plaintiffs seek damages in an amount in excess of $75,000.00. Specifically, Plaintiffs seek "compensatory damages in an amount to be determined at trial, but not less than $5 million, with interest thereon," as well as costs and attorney's fees. *See* Complaint at ¶ 28 and WHEREFORE paragraph.

8. Therefore, this Court has jurisdiction over this matter based on the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332.

9. The action is removable by Principal because it is not a citizen of the State of New York. 28 U.S.C. § 1441(b).

10. Pursuant to section 1446(b), this Notice of Removal is timely because it was filed within thirty (30) days after receipt of the summons and complaint by Principal.

12. Pursuant to section 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court, New York County and will be served upon counsel for plaintiffs.

13. Pursuant to section 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit "A."

WHEREFORE, notice is hereby given that this action is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York and Principal Life Insurance Company respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: May __, 2009

James G. Murphy (JM 9152)
Katherine L. Villanueva (KH 5283)
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005
(212) 248-3140
james.murphy@dbr.com
katherine.villanueva@dbr.com

*Attorneys for Defendant Principal Life Insurance Company*

PHLIT/ 1134592.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROBERT BERNSTEIN, as Trustee of the FLETCHER )
JOHNSON INSURANCE TRUST and the )
FLETCHER JOHNSON INSURANCE TRUST )
)
                         Plaintiffs, )
)
               v. )
)
)
PRINCIPAL LIFE INSURANCE COMPANY )
)
)
                        Defendants. )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 105921/09

Plaintiff designates New York
County as the place of trial

The basis of venue is pursuant
to Department of Insurance
regulations

**SUMMONS**

4-30-09

To the above named Defendants:

    **You are hereby summoned** to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 23, 2009

Defendant's addresses:

Principal Life Insurance Company
711 High Street
Des Moines, Iowa 50309

ROSENFELD & KAPLAN, LLP

Tab K. Rosenfeld
Attorney(s) for Plaintiffs
535 Fifth Avenue
New York, New York 10017
(212) 682-1400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

ROBERT BERNSTEIN, as Trustee of the FLETCHER
JOHNSON INSURANCE TRUST and the
FLETCHER JOHNSON INSURANCE TRUST,

Index No. 105921/09

Plaintiffs,

- v -

PRINCIPAL LIFE INSURANCE COMPANY,

Defendant.

-----------------------------------------------------------------x

Plaintiffs Robert Bernstein, as Trustee of the Fletcher Johnson Insurance Trust, and the Fletcher Johnson Insurance Trust, by their attorneys, Rosenfeld & Kaplan, LLP, for their Complaint, hereby allege as follows:

## Parties

1. Plaintiff Robert Bernstein ("Bernstein") is the current Trustee of the Fletcher Johnson Insurance Trust. Bernstein is a New York resident with offices in Rye Brook, New York.

2. Plaintiff Fletcher Johnson Insurance Trust (the "Trust") is a trust established under the laws of the State of New York with a current mailing address care of Bernstein, as Trustee.

3. Defendant Principal Life Insurance Company ("Principal") is an Iowa corporation with its headquarters at 711 High Street, Des Moines, Iowa. Principal is part of the Principal Financial Group. Principal is licensed to sell life insurance within the State of New York.

## Facts

4. On or about April 26, 2007, Fletcher Johnson ("Johnson"), as Grantor, created the Trust by entering into the Fletcher Johnson Insurance Trust Agreement with Jonathan S. Berck ("Berck") as Trustee.

5. On or about April 26, 2007, Johnson submitted an application (the "Application") to Principal for a life insurance policy with a face amount of $5,000,000. The beneficiary identified on the application was the Trust with Berck as Trustee.

6. The Application was signed by "Fletcher Johnson, M.D." as the proposed insured and by Berck on behalf of the owner.

7. On or about May 16, 2007, Principal issued Policy Number 6080482 (the "Policy") to the Trust.

8. The Policy identified Johnson as the Insured and the Trust as the owner, and provided for a face amount of $5,000,000.

9. The Maturity Date of the Policy was May 15, 2031.

10. The Policy provided that Principal would "pay the death benefit proceeds to the beneficiary(ies) subject to the provisions of the policy after [Principal received] Notice and due proof that the Insured died before the Maturity Date.

11. On or about January 25, 2008, Berck resigned as Trustee of the Trust.

12. On or about January 25, 2008, Bernstein was appointed, and accepted appointment, as Successor Trustee of the Trust.

13. Johnson died on October 4, 2008.

14. On or about November 19, 2008, Bernstein submitted a Beneficiary's Statement,

Settlement Election Statement and Trustees Certification and Release to Principal in making a claim to the Policy proceeds on behalf of the Trust.

15. On or about December 4, 2008, Principal wrote to Bernstein and acknowledged receipt of the Trust's claim and the supporting documentation.

16. In its December 4, 2008 letter, Principal advised Bernstein that since the Policy allowed it to contest statements made in the Application during the first two years the Policy was in effect, and since "Mr. Johnson died within two years of the Policy Date, we will be conducting an investigation."

17. Bernstein and the Trust have provided all of the information requested from them by Principal.

18. Pursuant to the terms of the Policy, payment of the death benefits are due and owing to the Trust.

19. To date, and despite the passage of over six months since Johnson's death, and five months since the submission of the claim, Principal has failed to pay the death benefits to the Trust.

## FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 to 19 as if fully set forth herein.

21. Principal issued the Policy to the Trust.

22. The Policy constituted a valid, binding and enforceable contract between the Trust and Principal.

23. The Policy provides that Principal would pay the death benefits of the beneficiary upon due Notice and proof of the death of the insured prior to the maturity date of the Policy.

24. Johnson died while the Policy was in full force and effect.

25. Due notice of Johnson's death was provided to Principal by Bernstein and the Trust.

26. The Trust has performed its obligations under the Policy, including, but not limited to, the payment of all premiums due.

27. Principal has breached the Policy by failing and refusing to pay the benefits due under the Policy to the Trust.

28. The Trust has been injured by Principal's breach of the Policy in an amount of not less than the $5,000,0000 face value of the Policy, with interest thereon.

**WHEREFORE,** plaintiffs respectfully demand that judgment be entered in their favor against Principal as follows:   1) awarding them compensatory damages in an amount to be determined at trial, but not less than $5 million, with interest thereon; 2) awarding them their costs and disbursements of this action, including reasonable attorneys fees; and 3) awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 21, 2009

                                              ROSENFELD & KAPLAN, LLP.

                              By: *[signature]*
                                        Tab K. Rosenfeld
                                        Steven M. Kaplan
                                        Attorneys for Plaintiffs
                                        Robert Bernstein, as Trustee of the Fletcher Johnson Insurance Trust, and the Fletcher Johnson Insurance Trust
                                        535 Fifth Avenue
                                        New York, New York 10017
                                        (212) 682-1400

 1. Place cover this side up on top of first page of document. Staple as indicated.
 2. Lift bottom of cover up and over top, folding on top score line.
 3. Fold cover down behind papers on remaining score line.


STATE OF                    COUNTY OF                          ss.:

I, the undersigned, an attorney admitted to practice law,

☐ **Certification By Attorney** — certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** — state that I am
the attorney(s) of record for
in the within action; I have read the foregoing
and know the contents thereof; the same is
true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as
to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.................................................................
The name signed must be printed beneath

STATE OF                    COUNTY OF                          ss.:
I,
being duly sworn, depose and say: I am

☐ **Individual Verification** — the
in the within action: I have read
the foregoing
and know the contents thereof: the same is true to
my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those
matters I believe it to be true.

☐ **Corporate Verification** — the                    of
a
corporation and a party in the within action; I have read the foregoing
and know the contents thereof: and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.................................................................
The name signed must be printed beneath

STATE OF                    COUNTY OF                          ss.: (If both boxes are checked—indicate after names, type of service used.)
I,
being sworn, say: I am not a party to the action, am over 18 years
of age and reside at
On                              I served the within

☐ **Service By Mail** — by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care
and custody of the U.S. Postal Service within this State, addressed to each of the following persons at the last
known address set forth after each name:

☐ **Personal Service on Individual** — by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person
served to be the person mentioned and described in said papers as *a party therein:*

Sworn to before me on

.................................................................
The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROBERT BERNSTEIN, as Trustee of the FLETCHER
JOHNSON INSURANCE TRUST and the
FLETCHER JOHNSON INSURANCE TRUST

                              Plaintiffs,

      v.

PRINCIPAL LIFE INSURANCE COMPANY

                              Defendants.

### SUMMONS & COMPLAINT

ROSENFELD & KAPLAN, L.L.P.
535 Fifth Avenue, 10th Floor
New York, NY 10017
Attorneys for Plantiff

Signature (Rule 130-1.1-a)

Tab K. Rosenfeld, Esq.

To

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for