MEMA ENDON

ROSENFELD & KAPLAN, LLP
535 Fifth Avenue, Suite 1006
New York, New York 10017
(212) 682-1400
*Attorneys for Plaintiffs Robert*
*Bernstein, as Trustee of the Fletcher*
*Johnson Insurance Trust and The*
*Fletcher Johnson Insurance Trust*

DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
(212) 248-3140
*Attorneys for Defendant Principal*
*Life Insurance Company*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT BERNSTEIN, as Trustee of the FLETCHER
JOHNSON INSURANCE TRUST and the FLETCHER
JOHNSON INSURANCE TRUST,

                  Plaintiffs,

-v-

PRINCIPAL LIFE INSURANCE COMPANY,

                  Defendant.
-------------------------------------------------------------X

Case No. 09 CV 4925
(CM)(HBP)

STIPULATION AND ORDER
FOR THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL
INFORMATION

This matter having come before the Court by stipulation of plaintiffs, Robert Bernstein, as Trustee of the Fletcher Johnson Insurance Trust, and the Fletcher Johnson Insurance Trust, and defendant, Principal Life Insurance Company, for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between

and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information, including pre-trial or deposition testimony, that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean information that is designated as confidential and consists of confidential financial and medical information or other private and personal information that may be protected from disclosure by state or federal law, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing Party" shall mean the party to this action and any non-party producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c)    "Receiving Party" shall mean the party to this action and/or any non-party receiving Confidential Information in connection with depositions, document production or otherwise.

4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of material as Confidential Information. If the Producing Party does not agree to declassify such material, the Receiving Party may move before the Court for an order declassifying that material. If no such motion is filed, such material shall continue to be treated as Confidential Information. If such motion is filed, the material shall be deemed Confidential Information unless and until the Court rules otherwise. At no time shall the Receiving Party be barred from challenging the designation of material as Confidential Information.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)    the parties in this action, including employees of the parties who are assisting this action, and legal counsel for and beneficiaries of the parties;

(b)    counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)    copying, imaging, computer services and/or litigation support services;

(d)    any agreed upon or ordered mediator and that mediator's personnel;

(e) any person whose discoverable testimony during these proceedings is obtained or sought; provided, however, that such person has executed a document substantially in the form of Exhibit A to this Stipulation;

(f) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 7 hereof;

(g) the Court and court personnel, if filed in accordance with paragraph 12 hereof or as otherwise instructed by the Court;

(h) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(i) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(j) to the extent required by applicable laws or regulations; and

(k) any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(f) hereof, counsel for the Receiving Party shall provide the expert's written agreement, substantially in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be

disclosed, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. The parties may disclose Confidential Information during any hearing or trial before the Court, pursuant to the instructions provided by the Court prior to or at such time, which instructions may adopt all, some, or none of the provisions hereof. Nothing in this protective order shall preclude a party from introducing into evidence at the time of trial any document or other evidence containing Confidential Information.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms hereof.

10. Nothing in this protective order shall limit a party's right to disclose to any person or use its own information and documents for any purpose, nor does it limit a party's right to disclose or use information or documents which are publicly available or available to the party through non-confidential sources where the non-confidential sources did not receive such information or documents in violation of this Stipulation, even if such information and documents are also produced by a party in this case and designated by that party as Confidential Information.

11. This Stipulation shall apply to any non-party who produces Confidential Information in this litigation, provided that such non-party requests the protection of this Stipulation and agrees to treat its Confidential Information pursuant to, and be bound by the provisions of, this Stipulation by executing an agreement substantially in the form of Exhibit B.

12. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, or other documents which have been designated as comprising or containing Confidential Information ("Designated Documents"), and any

- 5 -

pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties hereto with two (2) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by order to show cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all Designated Documents that the Court has permitted to be filed under seal shall be filed under seal in the manner prescribed by the Court.

(b)     Any party may file with the Court any Designated Documents previously permitted to be filed under seal in the manner prescribed by the Court.

(c)     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Designated Documents shall identify such documents by the production number ascribed to them at the time of production.

13.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.     Any document or other materials that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in Paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as confidential within a reasonable time following the discovery that the document or information has been produced without such designation.

15.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation, but only to the extent that such extract or

summary contains the confidential aspects of the underlying Confidential Information or contains other Confidential Information.

16. Where a party to this Stipulation receives a court order, subpoena or other process ("Process") from any person or entity who is not a party to this Stipulation ("Requesting Person"), including a request from any governmental unit or authority or administrative agency, and where such Process requests the production of information that includes or may include "Designated Confidential Information," *i.e.* Confidential Information provided and designated as confidential by another party to this Stipulation ("Designating Party"), the party receiving the Process shall promptly, and in no event less than three (3) business days prior to the date the party receiving the Process must produce such Designated Confidential Information: (a) give written notice to counsel for the Designating Party, identifying the materials sought and enclosing a copy of the Process; and (b) inform the Requesting Person that such information is subject to this Stipulation. Notwithstanding the foregoing, if the Requesting Party has requested the production of Designated Confidential Information in such manner as not to permit the party receiving the Process to give the foregoing notice to the Designating Party in a timely manner, then the party receiving Process shall in good faith seek additional time to respond to such Request and take such other appropriate, reasonable and practical steps to adjourn the production of Designated Confidential Information so as to give the Designating Person the opportunity to respond to the Process or otherwise protect such rights as it may have. Nothing in this paragraph shall be construed as encouraging any party, person, or entity not to comply with any Process.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

18. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil procedure or any other applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation, except that: (a) there shall be no restriction on documents used or filed in Court or in connection with testimony or argument given in Court where such documents, testimony, or argument is or becomes public record; and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of parties hereto, continue to be binding after the conclusion of this action.

20. Nothing herein shall be deemed to waive any privilege or doctrine of protection recognized by law, nor be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents that are not of public record and contain Confidential Information.

Counsel of record for the parties may retain an additional unlimited number of copies of documents that are not of public record and contain Confidential Information so long as the Confidential Information therein is redacted. Counsel of record for the parties may retain an unlimited number of copies of documents that are of public record. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22. This Stipulation may be amended by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

ROSENFELD & KAPLAN, LLP

By _____
Tab K. Rosenfeld (TR 9212)
Steven M. Kaplan (SK 4228)
535 Fifth Avenue, Suite 1006
New York, New York 10017
(212) 682-1400
*Attorneys for Plaintiffs Robert Bernstein, As Trustee of the Fletcher Johnson Insurance Trust and The Fletcher Johnson Insurance Trust*

Dated: March 22, 2010

DRINKER BIDDLE & REATH LLP

By _____
Andrew J. Lorin (AL 0108)
Stephen C. Baker (admitted *pro hac vice*)
140 Broadway, 39th Floor
New York, New York 10005-1116
212-248-3140
*Attorneys for Defendant Principal Life Insurance Company*

I sign this consent order but caution the parties that I do not routinely file sealed decisions, redacted decisions. The parties need to understand that unless they convince me that particular information is confidential, I will overrule this order when filing opinions or conducting any proceedings.

SO ORDERED:
Subject to correct!

_____
Hon. Colleen McMahon, U.S.D.J.

- 9 -

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT BERNSTEIN, as Trustee of the FLETCHER
JOHNSON INSURANCE TRUST and the FLETCHER
JOHNSON INSURANCE TRUST,                            Case No. 09 CV 4925
                                                    (CM)(HBP)
                    Plaintiffs,
                                                    AGREEMENT TO RESPECT
        -v-                                         CONFIDENTIAL INFORMATION

PRINCIPAL LIFE INSURANCE COMPANY,

                    Defendant.
---------------------------------------------------------------X

I, _____, state that:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____
    _____.

4.  I have received a copy of the Stipulation for the Production and Exchange of Confidential

Information (the "Stipulation") entered in the above-entitled action on _____.

5.  I have carefully read and understand the provisions of the Stipulation.

6.  I will comply with all of the provisions of the Stipulation.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation,

and will use only for purposes of this action, any Confidential Information that is disclosed to

me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          By: _____

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT BERNSTEIN, as Trustee of the FLETCHER
JOHNSON INSURANCE TRUST and the FLETCHER
JOHNSON INSURANCE TRUST,                                Case No. 09 CV 4925
                                                        (CM)(HBP)
                         Plaintiffs,
                                                        AGREEMENT TO DESIGNATE
           -v-                                          INFORMATION CONFIDENTIAL
PRINCIPAL LIFE INSURANCE COMPANY,

                         Defendant.
-------------------------------------------------------------X

I, _____, on behalf of _____,

("Signatory") state that:

1. My address is_____.

2. My present employer is _____.

3. I have read and understand the Stipulation for the Production and Exchange of

Confidential Information ("the Stipulation") entered in the above-entitled action on

_____.

4. In connection with all information that is produced and in good faith designated as

confidential by the Signatory, the Signatory agrees to be bound by the terms of this Stipulation as

a party thereto with all relevant rights and obligations thereunder.

5. The Signatory agrees to keep confidential pursuant to the terms of the Stipulation all

information provided by the Signatory in the above-captioned matter which the Signatory in

good faith designates as Confidential Information as that term is defined in the Stipulation.

6. The Signatory agrees to comply with all of the provisions of the Stipulation and to be subject to the authority of the United States District Court for the Southern District of New York in the event of any violation of this agreement or the Stipulation or any dispute related thereto.

Dated: _____

By: _____
Name:
Title:

On behalf of:

_____

PHLIT/ 1254242.4